WILLOUGHBY, PLAINTIFF-APPELLEE, *v.* DUNN, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Lake County.

No. 698. Decided May 23, 1963.

350

Mr. *Joseph P. Tulley*, police prosecutor, for plaintiff-appellee.

Messrs. *Falsgraf, Kundtz, Reidy & Shoup*, for defendant-appellant.

DONAHUE, P. J. Appellant was arrested, tried, found guilty and sentenced under an ordinance of the City of Willoughby. He was charged with being "found in the state of intoxication."

Errors charged are:—

1. The judgment is contrary to law.

2. The judgment is against the manfiest weight of the evidence.

Subdivisions of error are that defendant was not "found" in a state of intoxication; that the judgment of the court is contrary to law; that the judgment is against the weight of the evidence.

These subdivisions are subdivided and resubdivided. We will not attempt to follow all the ramifications of the resubdivisions in this opinion, but will confine ourselves to the principal arguments.

We find little merit to appellant's arguments on the question of being "found" in a state of intoxication. We have no trouble in interpreting this to mean merely that he "was" intoxicated. Under the ordinance, if the proof showed beyond a reasonable doubt that he was intoxicated, then he is guilty.

Appellant also complains that in his opinion the court states that he took judicial notice of two things, and that he had no business to take judicial notice of these things. The first is that appellant had five, six or seven drinks. Unquestionably, the court could not take judicial notice of this. However, there was ample evidence from which the court could conclude that this was a fact. This case was tried to the court alone, and the fact that the judge, in his opinion, used a phrase rather loosely will not invalidate the judgment which is based on evidence, not judicial notice. Appellant also complains that the court, in his opinion, takes judicial notice that "this many drinks affects any person." The court properly could take judicial notice of this fact. We point out that the court

did not say that "this many drinks makes any person intoxicated," but merely that it "affects any person." He might easily have taken judicial notice that one drink would "affect" any person, in some way or another. Needless to say, the effect of one or a dozen drinks on an individual is a question to be determined and is not a conclusion to be assumed. We find no reason to believe that the court based its judgment solely on the consumption of five, six or seven drinks.

The only other objection we find worthy of mentioning is the weight of the evidence. It is conceded that the appellate court may not reverse unless it finds the judgment to be against the manifest weight of the evidence. Appellant contends that there is little or no evidence of intoxication. In doing so he makes the broad assumption that appellant's state of unconsciousness, state of semi-consciousness—and all his actions subsequent to receiving a blow to the face were all due, unquestionably to that blow. However, although that blow, from the fist of an attacker, was serious enough, it is also consistent with the evidence that all of appellant's reactions, including his falling to the floor after the blow, his unconscious period, his period of semi-consciousness, could have been entirely due to intoxication with the blow to the face, as only an incidental item in the series of events. It is a fact that x-rays were taken at the hospital to determine any concussion, but we find no evidence beyond appellant's reactions that any such injury existed. And, as noted above, these reactions in themselves would readily indicate a state of intoxication.

It may also be pointed out that the opinion of the court is in fact, no part of his judgment, but is merely his explanation of his mental processes in arriving at his judgment. His opinion and reasoning may be completely wrong, but that will not affect the judgment, if the judgment in itself is correct.

We find that the judgment herein, is neither contrary to law nor against the manifest weight of the evidence.

Judgment affirmed.

FRANCE and BROWN, JJ., concur.